IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **ELIDA RODRIGUEZ** § | | |
| *Plaintiff,* § | | |
| § | | |
| **vs.** § | Civil Action No. ___2:19-cv-26_____ | |
| § | | |
| § | | |
| **STATE FARM FIRE AND** § | | |
| **CASUALTY COMPANY,** § | | |
| *Defendant.* § | **JURY REQUESTED** | |

### DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant State Farm Fire and Casualty Company (State Farm or Defendant), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), and would show as follows:

### INTRODUCTION

1. This is a personal injury case arising out of an incident that occurred on or about January 4, 2017. Plaintiff Elida Rodriguez filed her Original Petition in Cause No. 19-05-37344-MCV in the 293rd Judicial District Court of Maverick County, Texas, on May 7, 2019, initiating this lawsuit.[1]

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant.

3. Defendant has not been served with citation but appeared in the case by filing its Original Answer in state court prior to filing this Notice of Removal.[2]

---

[1] *See Exhibit 2, Plaintiffs' Original Petition Seeking Declaratory Judgment.*
[2] *See Exhibit 3, Defendant's Original Answer.*

4. Defendant files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## GROUNDS FOR REMOVAL

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Complete Diversity Exists Between the Parties.

6. According to Plaintiff's Original Petition, Plaintiff is a resident of Eagle Pass, Texas.[3] In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.[4]  "Evidence of a person's place of residence . . . is prima facie proof of his domicile."[5] Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."[6]  Thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas citizen.

7. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, State Farm was and is an Illinois insurer.[7]  Accordingly, Defendant is not a citizen of the State of Texas for purposes of federal diversity jurisdiction.

---

[3] *See Exhibit 2,* ¶ 2.1.
[4] *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564 (5th Cir. 2011).
[5] *Id.*  (citations omitted)
[6] *Id.*
[7] See Company Profile of State Farm Fire and Casualty Company from the Texas Department of Insurance's website, attached hereto as Exhibit 4.  Materials printed from government websites have been found to be reliable and self-authenticating. *See e.g. Johnson v. United Healthcare of Tex., Inc.*, 167 F. Supp. 3d 825, 835 (W.D. Tex. 2016); *Riverkeeper v. Taylor Energy Co.*, LLC, 113 F.Supp.3d 870, 881 (E.D.La.2015); *Williams v. Long*, 585 F.Supp.2d 679, 690–91 (D.Md.2008); *United States ex rel. University Loft Co. v. AGS Enter., Inc.*, 2016 WL 9462333 (W.D.Tex. June 29, 2016); *Kew v. Bank of Am., N.A.*, No. H–11–2824, 2012 WL 1414978, at *3 n. 4 (S.D.Tex. Apr. 23, 2012); *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *7 (N.D.Cal. Sept. 9, 2008); *Estate of Gonzales v. Hickman*,

      **B.**      **The Amount in Controversy Exceeds $75,000.**

8.      The claims asserted by Plaintiff exceeds $75,000.00.  Plaintiff's Original Petition specifically states that "Plaintiff makes a claim for $95,000.00 under her underinsured bodily injury policy for the injuries she sustained in this accident."[8]

### VENUE

9.      Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 293rd Judicial District Court of Maverick County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

### PROCEDURAL REQUIREMENTS

10.      A complete copy of the record in the state court action is being requested and will be filed following receipt.  Plaintiff's Original Petition Seeking Declaratory Judgment and Defendant's Original Answer are attached hereto as Exhibits 2 and 3, respectively.  Additionally, attached as Exhibit 5 is a *List of Parties and Counsel* relating to this action, and attached as Exhibit 1 hereto is an *Index of Matters Being Filed* in this action.  Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

11.      Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

12.      Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendant's Notice of Removal will be filed with the Clerk of 293rd Judicial District Court of Maverick County, Texas, promptly after Defendant files this Notice.

---

    2007 WL 3237727, at *2 n. 3 (C.D.Cal. May 30, 2007); *E.E.O.C. v. E.I. Du Pont De Nemours & Co.*, 2004 WL 2347559, at *1 (E.D.La. Oct. 18, 2004).
[8] *See* Exhibit 2, ¶ 6.1.

13. This Notice of Removal is being filed prior to service of citation and within thirty (30) days of service of receipt of informal notice of Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Defendant with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Fire and Casualty Company respectfully requests that the above-captioned action now pending in the 293rd Judicial District Court of Maverick County, Texas be removed to the United States District Court for the Western District of Texas, Del Rio Division.

Respectfully Submitted,

**ORTIZ & BATIS, P.C.**

By: */s/ Ray R. Ortiz*
    Ray R. Ortiz
    State Bar No. 15324280
    Jonathan Law
    State Bar No. 24028656
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: 210/344-3900
Facsimile: 210/366-4301
ray@ob-lawpc.com
jon@ob-lawpc.com
rrosupport@ob-lawpc.com
**ATTORNEYS FOR DEFENDANT**
**STATE FARM FIRE AND CASUALTY COMPANY**

**CERTIFICATE OF SERVICE**

  On May 28, 2019, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

Rolando Salinas
KNICKERBOCKER, HEREDIA, SALINAS & SALINAS, P.C.
468 E. Main Street
Eagle Pass, TX 78852-4774
830-773-2582 Facsimile
rsalinas@khjslaw.com

              _/s/ Ray R. Ortiz_
              Ray R. Ortiz/Jonathan Law